Argued November 4, 1964, affirmed January 13, petition for rehearing denied February 9, motion for stay of proceedings denied February 17, 1965

## STATE OF OREGON *v.* BUCK

398 P. 2d 176
399 P. 2d 367

*Oscar D. Howlett,* Portland, argued the cause and submitted a brief for the appellant.

*George Van Hoomissen,* District Attorney, Portland, argued the cause and submitted a brief for the respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction for the crime of manslaughter by abortion.

The action first came on for trial on September 6, 1963. On September 9, 1963 a mistrial was ordered on the motion of defendant because one of the jurors read newspaper accounts of defendant's prior criminal record. Immediately thereafter twelve new prospective jurors were selected from the panel. The examination of juror number one on voir dire had commenced when the state realized that a material witness who would have been available on September 9th would not be available the next day. A second mistrial was granted upon the motion of plaintiff in which defendant did not join.

The case again came on for trial on October 21, 1963, at which time defendant entered a plea of former jeopardy which was denied by the court as a matter of law. The trial court's action in denying the plea is assigned as error. We hold that there was no error in denying the plea. Defendant had not been placed in jeopardy as a result of the proceedings on September 9, 1963. The jury had not been impaneled or sworn. Until then jeopardy does not attach. *State v. Savan,* 148 Or 423, 435, 36 P2d 594, 96 ALR 497 (1934).

The second and third assignments of error are

directed at the trial court's action in refusing to grant defendant's motions for a mistrial based upon alleged misconduct of the counsel for the state during the course of trial. Upon cross-examination one of the state's witnesses admitted that she had given a signed statement, apparently to some one in the district attorney's office. Defendant's counsel then made the following request: "I will ask the District Attorney to produce it for my examination at this time." The district attorney responded as follows: "The only statement I have, your Honor, is a statement made to a court reporter on January 24th in the District Attorney's office and I would like to have it marked and I am very happy if it be received in evidence. Counsel may examine it." Defendant moved for a mistrial on the ground that the district attorney had offered to introduce evidence which he knew was inadmissible and that this was done deliberately for the purpose of embarrassing defendant if he did not join in the offer. The embarrassment could not have been great. By his own cross-examination defendant brought out the fact that the witness had made a statement to a law enforcement officer. After hearing the witness' testimony on direct examination, which was damaging to defendant, it is likely that the jury would expect the witness' written statement to be unfavorable to defendant. We find no abuse of discretion by the trial judge in denying the motion for mistrial.

Finally, defendant moved for a mistrial on the ground of misconduct by the state's counsel in his closing argument. In making that argument counsel stated, "Now, the next fact is that on December 7, 1962, the defendant presented himself at the Albrecht home.

Gail Newton positively identified this man as being the person who performed that abortion. That testimony is uncontradicted, unimpeached." Later he commented, "As I said, ladies and gentlemen, the testimony of the witness which you heard, we submit, is uncontradicted and unimpeached in any detail." Defendant argues that these statements were in essence comments on the failure of defendant to take the witness stand. Counsel for the state explained his comment as follows: "Mr. Howlett [defendant's counsel] in his opening statement said he would impeach these witnesses of the state out of their own mouths * * *. He hasn't done so, in my opinion and that is what I am telling the jury."

The trial court was convinced that there was no material misconduct on the part of the state's counsel in making the comment to which objection was made. We are satisfied that there was no abuse of discretion by the trial judge in ruling as he did.

The judgment is affirmed.

### ON PETITION FOR STAY OF JUDGMENT

Oscar D. Howlett and Howard R. Lonergan, Portland, for the appellant.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

DENECKE, J.

The defendant was convicted of manslaughter by abortion. We affirmed. Defendant moves for a stay of judgment and to allow the defendant to remain upon bail pending consideration by the Supreme Court of the United States of defendant's application for a writ of certiorari.

Defendant states in his motion that certiorari will be sought on two grounds: (1) the Oregon abortion statute violates the due process and equal protection clauses of the Fourteenth Amendment, "in that it proscribes voluntary conduct on the part of adults in which no public interest is involved due to enforcement of religious scruples;" and (2) the granting of a mistrial and putting the defendant to another trial violates the due process clause of the Fourteenth Amendment, "in that it amounts to undue harass-

ment." Neither ground was raised on the trial of the case or on appeal and was not passed upon in our decision. Ground (1) was raised for the first time in defendant's petition for rehearing. This petition was not entertained. In *Murdock v. City of Memphis,* 87 US 590, 636, 22 L ed 429 (1875), the Court held that it would not hear a question which was not presented to the state court. In *Corkran Oil & D. Co. v. Arnaudet,* 199 US 182, 26 S Ct 41, 50 L ed 143, 150 (1905), the Court held a federal question was not presented to the state court when it was raised for the first time in a petition for rehearing which was not entertained by the state court.

■ Defendant's motion is denied for the reason that we do not "deem it a reasonable possibility that a petition for certiorari would be granted." *Rowe v. Maine,* Misc No. 342, 1960 Term, Aug 25, 1960 (Frankfurter, J.). Accord, *Scott v. Platt,* 171 Or 379, 401, 135 P2d 769, 137 P2d 975 (1943).