Argued May 7, affirmed June 3, 1965

STATE OF OREGON *v.* JONES
402 P. 2d 738

*George A. Haslett, Jr.,* Portland, argued the cause
and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

GOODWIN, J.

The defendant appeals from a conviction of violating ORS 165.205 (obtaining property under false pretenses) upon the ground that his trial upon that indictment violated his constitutional privilege against being put in jeopardy twice for the same offense.

The defendant formerly had been tried under an indictment charging a violation of ORS 165.115 (uttering a forged bank check), but that prosecution aborted on the defendant's motion because of a variance between the indictment and the proof. The defendant was subsequently indicted for violating ORS 165.205 under the provisions of ORS 135.890, which permits the state to prosecute an accused despite a former prosecution if the former proceedings were dismissed for want of prosecution or upon demurrer or because of variance.

The defendant urges that, because both indictments described the same transaction, the two offenses for which he was successively prosecuted were in fact the same offense. We need not decide whether the defendant's construction of the two indictments is correct, because this appeal is without merit in any event. Even if the two offenses had been identical, ORS 135.890 would have permitted the second prosecution. We have been cited no authority for the propo-

sition that either ORS 135.890 or the earlier statutes which preceded it are unconstitutional.

 We have always held that a criminal verdict on the merits will bar another prosecution for the same offense, and we have held that the discharge of a jury under circumstances in which jeopardy was not properly annulled by the trial court constitutes the equivalent of acquittal. See *State v. Chandler et al,* 128 Or 204, 274 P 303 (1929). But it is settled in this state that if jeopardy is properly annulled for any reason, including the reasons set forth in ORS 135.890, the proceedings stand upon the same footing as if the defendant had never been in jeopardy. *City of Portland v. Stevens,* 180 Or 514, 178 P2d 175 (1947).

Affirmed.