Argued February 18, affirmed April 1, petition for rehearing
denied April 27, petition for review denied June 9, 1971

## STATE OF OREGON, *Respondent, v.*
## SHERRELL HUGH HAMILTON, *Appellant.*
### 483 P2d 90

*John G. Meyer*, Eugene, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Defendant was convicted by jury of statutory rape on a 15-year-old girl and appeals from a judgment sentencing him to three years' imprisonment. Defendant assigns as the principal error the action of the court in allowing testimony that defendant on one occasion gave the prosecutrix some pills called "dexes" prior to having intercourse with her and on another occasion gave her what defendant called an LSD pill prior to intercourse.

Defendant and the 15-year-old victim first met in October 1969, and saw each other covertly through February 6, 1970, against her mother's wishes. The first intercourse occurred on December 8, 1969. On that occasion defendant picked up the victim in downtown Cottage Grove and, after furnishing her some pills which he called "dexes," took her to a motel in Curtin, Oregon, where they had intercourse. With respect to the effect of the pills on her the victim testified:

> "A   No. I didn't want to go home. I mean after I took those pills. I mean I didn't care. I mean I wanted to be with him.

"Q  Did you tell him that you didn't want to go home?

"A  Yes.

"Q  And then he suggested that you go to a motel?

"A  Yes."

They had intercourse several other times and finally, on the evening of February 6, 1970, the defendant gave the victim a pill which caused her to hallucinate. After she had taken the pill he told her it was LSD. He had intercourse with her later that same evening and that was the occasion of the indictment.

When the matter of the pills was first mentioned in the state's opening statement, defendant moved for a mistrial and repeated his motion when the victim testified about his having furnished her the pills. The motions were denied.

■  Defendant contends that since consent is not an issue in statutory rape, the evidence that pills were given to the victim is irrelevant to the offense charged and amounts to prejudicial evidence of other crimes. The general rule is that evidence of other crimes, having no substantial relevancy except to show that the accused is a bad man and hence probably committed the principal crime, is not admissible. *State v. Long*, 195 Or 81, 112, 244 P2d 1033 (1952). However, the exceptions to the exclusionary rule are numerous. Some are set out in *State v. Woolard*, 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970). A more complete list of 10 exceptions is set out in McCormick, Evidence 326, 327-31, § 157 (1954), but warning is given there "that the list is not complete, for the range of relevancy outside the ban is almost infinite." Among the exceptions listed are:

"(1)  To complete the story of the crime on trial

by proving its immediate context of happenings near in time and place. \* \* \*

"(2) To prove the existence of a larger continuing plan, scheme, or conspiracy, of which the present crime on trial is a part. \* \* \*"

■ In the instant case, the evidence of the giving of the pep pills and LSD was part and parcel of, and served to complete the story of the defendant's plan of seduction. By the victim's own testimony defendant's conduct influenced the commencement of the illicit relationship. The giving of the LSD was near in time and place to the crime charged in this case and was descriptive of the context in which the actual rape occurred. Such evidence, though potentially proof of other criminal conduct, was nevertheless admissible under the foregoing exceptions to the exclusionary rule.

■ McCormick, supra, at 332-33, warns that the courts should not lose sight of the underlying policy to be served by the exclusionary rule, that is, to protect the accused against unfair prejudice. This requires a balancing by the court in each individual case of the probative value of the evidence of other crimes against the danger of prejudice to the accused. *State v. Keffer*, 2 Or App 559, 470 P2d 381 (1970); *State v. Hargon*, 2 Or App 553, 470 P2d 383 (1970). In this case we agree with the trial court that the probative value outweighed the prejudice.

We have examined defendant's other assignments and find them to be without merit. To discuss them would serve no useful purpose.

Affirmed.