Argued June 21, affirmed July 16, 1973

STATE OF OREGON, *Respondent, v.* JUSTIN
PERRY ELLIS (No. 39110), *Appellant.*

511 P2d 1264

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Doyle L. Schiffman,* District Attorney, Roseburg,
argued the cause for respondent. With him on the
brief was Brian R. Barnes, Deputy District Attorney,
Roseburg.

Before SCHWAB, Chief Judge, and FOLEY and
THORNTON, Judges.

FOLEY, J.

Defendant appeals from a conviction of the offense of hindering prosecution for which he was fined $300.

Defendant was originally indicted for burglary but at the time set for trial the district attorney moved to dismiss the indictment in order to include more charges in a subsequent indictment: "* * * According to the recent Supreme Court case, this must be all done in the same indictment. I refer to *State v. Brown.* * * *"① The court thereupon dismissed the burglary indictment "with prejudice." Defendant was then re-indicted on three counts: I, Burglary; II, Theft by receiving; and III, Hindering prosecution. This is the same burglary as was charged in the original indictment. Defendant contends that the dismissal of the original burglary indictment "precluded any further prosecution on the burglary charge as well as any other crimes that were part of that transaction," since under the rule of *State v. Brown* "* * * [it] would constitute double jeopardy."

The trial court agreed that the burglary count should be dismissed but declined to dismiss Counts II and III. Thereafter, defendant stipulated to facts which established guilt of Count III, hindering prosecution, and the court dismissed the other offense, theft by receiving, Count II.

Defendant's contention is that conviction of hindering is precluded because it constitutes double jeopardy under *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). It must be remembered that *Brown* involved a situation where the defendant had been convicted and sentenced for the misdemeanor of

---

① State v. Brown, 262 Or 442, 497 P2d 1191 (1972).

carrying a concealed weapon and thereafter he was convicted of the felony of being an ex-convict in possession of a concealable firearm and sentenced to five years. This was stipulated to be the same incident as the concealing misdemeanor. Thus, in *Brown* the defendant had, in fact, been in jeopardy for the offense of carrying a concealed weapon. The Supreme Court there held that defendant's plea of double jeopardy to the felony prosecution should have been allowed and set forth standards to be applied in the future to determine what charges must be included in the indictment. *Brown* requires that charges which (1) arise out of the same act or transaction,[2] (2) could be tried in the same court, and (3) involve facts which are known or ought to be known by the prosecutor, be included in the indictment. It was compliance with these requirements which the state was attempting in the present proceeding.

■ ■ No question is presented in this appeal with reference to burglary, Count I, as such, or theft by receiving, Count II, as both were dismissed. The only question is whether the dismissal of the burglary charge rendered the subsequent charge of hindering prosecution double jeopardy. We answer in the negative. Unlike in *Brown,* defendant had never been in jeopardy as to that offense. Jeopardy does not attach until the jury is impaneled and sworn or the equivalent. *State v. Buck,* 239 Or 577, 398 P2d 176, 399 P2d 367 (1965). Here defendant was not in jeopardy for hindering until he entered the stipulation of facts and it was accepted by the court.

---

[2] For a discussion of what constitutes the same transaction, *see* State v. Sanchez, 14 Or App 234, 511 P2d 1231 Sup Ct *review denied* (1973) and State v. Leverich, 14 Or App 222, 511 P2d 1265 (1973).

As the trial court stated, it was the intention in dismissing the burglary charge "* * * not * * * to * * * bar * * * those other charges that the state sought to bring against the defendant, and which was the occasion for the filing of the motion to dismiss * * * in the first place. * * *"

Affirmed.