Argued May 29, affirmed July 16, petition for rehearing denied
August 23, petition for review denied October 9, 1973

# STATE OF OREGON, *Respondent, v.*
# EDUARDO SANCHEZ (No. 72-08-2444 Cr),
## *Appellant.*
### 511 P2d 1231

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

■ An Oregon statute permits charging · several crimes in a single indictment when they arise from "the same act or transaction." ORS 132.560 (2). Ordinarily a single indictment will lead to a single trial. For double jeopardy purposes, *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), requires, in the absence of special circumstances, that separate charges arising from "the same act or transaction" be consolidated for a single trial. Thus, under both ORS 132.560 (2) and *Brown,* for separate charges to be tried together they must have arisen in a single transaction. The question here presented is: What are the defendant's remedies when it appears there has been a joinder of charges

that is improper because they do not arise from a single transaction?

Defendant and his accomplice, Natividad, embarked upon a four- to six-hour crime spree. They first robbed two men who were together on the street. Then, apparently during another robbery, they killed a man. A knife taken from one of the two victims of the first robbery was the murder weapon. Then they committed theft of some items from a parked automobile.

Defendant was charged in a four-count indictment with two counts of robbery in the second degree, ORS 164.405, murder, ORS 163.115, and theft in the second degree, ORS 164.045. The indictment alleged all crimes were part of the same transaction. Defendant was convicted of all counts and appeals. His principal assignment of error is that a motion for judgment of acquittal should have been granted on the grounds that the crimes charged were not part of the same transaction.

*State v. Brown,* supra, requires that separate charges arising from the same transaction be joined for trial. *Brown* did not elaborate on what constitutes a transaction for this purpose. *Brown* did cite ORS 132.560 (2) for the proposition that the two crimes involved in that case could have been charged in a single indictment. 262 Or at 458, n 30. So we assume that the Supreme Court intended that what constitutes a criminal transaction for purposes of ORS 132.560 (2) also constitutes a criminal transaction for purposes of the *Brown* rule.

Defining transaction as used in ORS 132.560 (2), in *State v. Huennekens,* 245 Or 150, 152, 420 P2d 384 (1966), the court stated:

"For our immediate purpose here it is suffi-

cient to say that the idea permeates the cases that to be joined the charges must relate to conduct or acts that are concatenated in time, place and circumstances and that the evidence of one charge would be relevant and admissible with the evidence of other charges."

*Huennekens* went on to amplify the requirement of the admissibility of evidence of the separate charges by discussing cases from other jurisdictions where the evidence of one crime necessarily included or was inseparable from the evidence of the other crime. To illustrate this idea in Oregon jurisprudence, *Huennekens* quoted from *State v. Weitzel,* 157 Or 334, 344, 69 P2d 958 (1937):

"Appellants complain of the admission in evidence of the facts and circumstances surrounding the attempted rape. It is asserted that such evidence has no relevancy to the charge of sodomy. The law is well settled that, when several criminal acts are so connected with the defendant, with respect to time and locality, that they form an inseparable transaction, and a complete account of the offense charged in the indictment cannot be given without detailing the particulars of such other acts, evidence of the entire transaction is admissible, even though it may disclose the commission of another crime * * *."

*State v. Hamilton,* 5 Or App 266, 268-69, 483 P2d 90, Sup Ct *review denied* (1971), also contains a discussion of the admissibility of evidence of other crimes:

"* * * The general rule is that evidence of other crimes, having no substantial relevancy except to show that the accused is a bad man and hence probably committed the principal crime, is not admissible. *State v. Long,* 195 Or 81, 112, 244 P2d 1033 (1952). However, the exceptions to the

exclusionary rule are numerous. Some are set out in *State v. Woolard,* 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970). A more complete list of 10 exceptions is set out in McCormick, Evidence 326, 327-31, § 157 (1954), but warning is given there 'that the list is not complete, for the range of relevancy outside the ban is almost infinite.' Among the exceptions listed are:

" '(1) To complete the story of the crime on trial by proving its immediate context of happenings near in time and place. * * *

" '(2) To prove the existence of a larger continuing plan, scheme, or conspiracy, of which the present crime on trial is a part. * * *' "

To determine whether two or more crimes are part of a single transaction, *Huennekens* requires looking to whether evidence of one crime would be admissible during the trial of another crime.[1] But as we noted in *Hamilton* there are many reasons why evidence of one crime might be admissible during the trial of another crime. As we understand *Huennekens* and especially the reference therein to *State v. Weitzel,* supra, for purposes of determining what constitutes a criminal transaction only the first exception mentioned in *Hamilton*—to show immediate context near in time and place—is relevant.

■ Therefore, two or more crimes are part of a single transaction for purposes of *Brown* when: (1) they are closely linked in time, place and circumstances; and (2) evidence of some or all of the elements of one crime would be admissible at a trial on the other charge(s) because presentation of the evi-

---

[1] For a discussion of this general area see State v. Zimmerlee, 261 Or 49, 492 P2d 795 (1972), which deals with the second exception mentioned in State v. Hamilton, 5 Or App 266, 483 P2d 90, Sup Ct *review denied* (1971).

dence concerning the charge(s) on trial would necessarily include evidence of some or all of the elements of the other crime(s).

■ We appreciate that standards like "closely linked" are somewhat subjective. Therefore, we believe that district attorneys would be well advised to resolve doubt concerning whether charges they wish to press were part of a single transaction in favor of joining all such charges in a single indictment or in separate indictments that they promptly move to consolidate for trial.

■ Applying the above standards to this case, it is clear that the two initial robberies were a single transaction. They were committed simultaneously in the same place. Presenting all the evidence of one robbery would necessarily include presenting at least some evidence of the other. Indeed, most, if not all, multiple-victim situations like this would probably be a single transaction. *See, Ashe v. Swenson,* 397 US 436, 90 S Ct 1189, 25 L Ed 2d 469 (1970).

Whether the murder was part of the same transaction as the robberies is a closer question. The murder took place a few hours later and blocks away, suggesting an insufficient link in terms of time, place and circumstances. Yet evidence of the robberies would probably have been admissible in a trial just for murder because of the fact that the murder weapon was taken during the robberies.

■ But even assuming the murder and robberies are one transaction, we perceive no basis for including the crime of theft in that transaction. That crime was committed hours after the murder and blocks away. There is no overlap between the evidence of the murder and robberies on the one hand, and the theft on the

other hand. Accordingly, we conclude that at least the theft charge was improperly joined with the other counts.

■ What does a defendant do when faced with improperly joined charges? The first possibility is to demur to the indictment pursuant to ORS 135.630 (3) contending the indictment invalidly joins crimes that are not part of one transaction. The efficacy of this procedure is, however, admittedly limited because of the doctrine of *State v. Huennekens,* supra, that such a demurrer should only be granted when, judged solely by the face of the indictment, the crimes charged *could not* have been part of a single transaction.

■ The second possibility is a motion by the defendant for separate trials. There is an Oregon statute on severance of jointly indicted defendants for separate trials, ORS 136.060, but no statute on granting a single defendant separate trials on charges in a single indictment. Nevertheless, we conclude that trial courts have inherent authority under appropriate circumstances to consider motions by a defendant to sever charges for separate trials. *See, State v. Eusted,* 12 Or App 351, 507 P2d 60 (1973); *State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973).

■ In most cases a pretrial demurrer or pretrial motion to sever will minimize or avoid problems of improper joinder.[2] If, however, a case goes to trial and the evidence establishes that the charges are not properly joined, then either: (1) the improperly joined charges should be dismissed at the defendant's motion

---

[2] Once the discovery provisions of the new Criminal Procedure Code become effective, both the defendant and the prosecution should in most instances be able to resolve all questions concerning joinder of offenses before trial.

so that they can be the basis of a separate, later trial, *see, State v. Clipston,* 3 Or App 313, 473 P2d 682 (1970); or (2) if the jury has possibly been unduly influenced by the evidence received concerning the improperly joined charges, then the only remaining procedure is for the defendant to move for a mistrial.[9]

 In this case the defendant did not follow any of these procedures. He did not file a pretrial demurrer. He did not file a pretrial motion to sever. He did not move for the dismissal of any of the charges. He did not move for a mistrial. His only complaint about the improper joinder came by way of a motion for judgment of acquittal. This is not a correct manner in which to raise a question of improper joinder. Any error committed in the joinder of charges in this case was not objected to by an appropriate method that would have presented that error for appellate review.

Defendant also contends that there was not sufficient evidence to make a jury question as to guilt. This contention has no merit.

Affirmed.

---

[9] Either of these alternatives would be applicable only if the defendant showed good cause for not having raised the matter prior to trial. See n 2, supra.