Argued July 23, affirmed August 27, petition for rehearing denied October 3, 1973, petition for review denied January 29, 1974

STATE OF OREGON, *Respondent, v.* THEOSKEI LEE PATTERSON (No. 72-08-2710 Cr), *Appellant.*

513 P2d 517

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

Defendant, upon trial on stipulated facts to the circuit court, was convicted of one count of criminal activity in drugs in violation of ORS 167.207, the pertinent portion of which states:

"(1) A person commits the crime of criminal activity in drugs if he knowingly and unlawfully manufacturers [sic], cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drugs."

The issue on appeal involves a question of double jeopardy of the nature dealt with in *State v. Brown*, 262 Or 442, 497 P2d 1191, *rehearing denied* (1972).

On July 18, 1972, at approximately 8:20 p.m., Officer Panit of the Portland Police Department met the defendant at 0231 SW Gibbs. After a discussion concerning the purchase of marihuana, defendant offered to sell Panit an ounce of hashish. Panit said that he was interested; defendant walked out of the room and returned shortly thereafter with an aluminum canister containing what defendant represented as an ounce of hashish. Panit stated that he wanted to buy a gram at that time and that he would return later for more.

The next day, July 19, 1972, based on Panit's information that he had observed defendant in possession of an ounce of hashish on the previous day, a

search warrant for 0231 SW Gibbs and defendant's person was issued.

At approximately 8:20 p.m. on the 19th, Panit again contacted the defendant at the Gibbs street residence. At that time he bought two grams of hashish from the same one-ounce supply shown and offered him the night before.

Approximately 20 minutes later, members of the Portland Police Department executed the search warrant. The officers seized the remainder of the hashish contained in the aluminum canister and arrested the defendant.

On July 20, 1972, a misdemeanor complaint was filed in district court charging defendant with criminal activity in drugs—possession of less than an avoirdupois ounce of marihuana. Trial was set for October 12, 1972.

By secret indictment, the grand jury, on August 31, 1972, charged the defendant in separate indictments with: criminal activity in drugs—furnishing marihuana on July 18, 1972; and criminal activity in drugs —furnishing marihuana on July 19, 1972. The defendant was not arrested on these charges until October 10, 1972, two days before his trial on the misdemeanor charge.

The defendant was convicted of the misdemeanor charge on October 12, and sentenced on October 19, 1972. The defendant appealed to circuit court. On application of the state, the complaint was dismissed on December 7, 1972.

Upon a motion by the defendant, on February 8, 1973, the trial judge found that the prosecution for furnishing on July 19 was barred under *State v. Brown,* supra, by the earlier misdemeanor prosecution.

He denied the defendant's similar motion regarding the sale on July 18.

The defendant's sole assignment of error is that the trial judge erred in denying defendant's plea of former jeopardy as to the charge of furnishing marihuana on July 18, 1972. We affirm the ruling of the trial court on this issue.

The Oregon Supreme Court in *State v. Brown,* supra, ruled that the Oregon Constitution forbids a second prosecution for the same offense if:

"* * * (1) [T]he charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." 262 Or at 458.

The parameters of "same transaction" were recently outlined by this court in *State v. Sanchez,* 14 Or App 234, 511 P2d 1231, Sup Ct *review denied* (1973). We concluded that:

"* * * [T]wo or more crimes are part of a single transaction for purposes of *Brown* when: * * * (2) evidence of some or all of the elements of one crime would be admissible at a trial on the other charge(s) because presentation of the evidence concerning the charge(s) on trial would *necessarily include* evidence of some or all of the elements of the other crime(s)." (Emphasis supplied.) 14 Or App at 239-40.

Comparing the facts as stipulated with the guidelines of *Sanchez* we find that the sale on July 18, 1972, was not part of the same transaction as the charge of possession on July 19, 1972.

While defendant may have possessed some or all of the drugs at the time of the furnishing on July

18, the possession on July 19 was separate and distinct from the furnishing, and the state did not need to show possession or sale on the later date to prove furnishing on the earlier date.

We recognize that in factual situations such as the one at bar there probably is no compelling reason why all three charges should not be joined for trial. While here evidence of all was not necessary to the prosecution of any one, the stipulated facts indicate that evidence of all would have been admissible in the prosecution of any one. However, it does not follow that failure to do what is the most reasonable and most efficient is per se unconstitutional. In the absence of rule-making power, we do not have the authority to mandate procedures just because we think them desirable. *Brown* prescribes constitutional minimums and, as we have interpreted *Brown* in *Sanchez,* its holding is not so broad as to constitutionally require joinder in the fact situation before us.[1]

Affirmed.

---

[1] Perhaps under the new code of criminal procedure which becomes effective in 1974, joinder will be required in such a situation on the basis that all the charges arose out of one "criminal episode." Eng. Re-Eng. SB 80, §§ 26-28 (Oregon Laws 1973, ch 836).