Argued February 20, affirmed March 18, petition for rehearing
denied April 22, petition for review denied May 14, 1974

STATE OF OREGON, *Respondent, v.* WALTER
GARLAND AYERS (No. 39493), *Appellant.*

520 P2d 449

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

Before Schwab, Chief Judge, and Langtry and Tanzer, Judges.

SCHWAB, C. J.

This is another in a series of appeals[1] that have presented double jeopardy issues since the Supreme Court, in *State v. Brown*, 262 Or 442, 497 P2d 1191 (1972), interpreting the Oregon Constitution, Art. I, § 12,[2] held:

"We are convinced that the 'same evidence' test does not provide adequate protection, under modern conditions, from the evils contemplated by the double jeopardy guarantee * * *." 262 Or at 453.

In the case at bar a new mobile home serving as a "model home" was burglarized in 1970. The defendant was apprehended over two years later and charged with burglary in a dwelling under former ORS 164.230.[3] The case proceeded to trial and after the state rested defendant moved for a judgment of acquit-

[1] *See*, State v. Allen, 16 Or App 456, 518 P2d 1332, Sup Ct *review denied* (1974); State v. Bishop, 16 Or App 310, 518 P2d 177 (1974); State v. Belt, 16 Or App 213, 517 P2d 1219, Sup Ct *review denied* (1974); State v. Patterson, 14 Or App 554, 513 P2d 517 (1973), Sup Ct *review denied* (1974); State v. Rook, 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973); State v. Sanchez, 14 Or App 234, 511 P2d 1231, Sup Ct *review denied* (1973); State v. Ellis, 14 Or App 84, 511 P2d 1264 (1973); State v. Leverich, 14 Or App 222, 511 P2d 1265, Sup Ct *review allowed* (1973).

[2] "No person shall be put in jeopardy twice for the same offence (sic), nor be compelled in any criminal prosecution to testify against himself." Oregon Constitution, Art I, § 12.

[3] "Any person who breaks and enters any dwelling house with intent to commit a crime therein, or having entered with such intent, breaks any dwelling house, or is armed with a dangerous weapon therein, or assaults any person lawfully therein, is guilty of burglary, and shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years." Former ORS 164.230.

tal on the ground of variance in that the state had failed to prove that the burglarized mobile home was a dwelling. The trial court agreed that there had been a variance between the pleading and proof, but decided to submit the case to the jury solely on the crime of burglary not in a dwelling, former ORS 164.240,[1] based on the state's argument that burglary not in a dwelling could be a lesser-included offense. The court stated that this action would be without prejudice to defendant's motion for judgment of acquittal if the state could not later offer authority for its theory that burglary not in a dwelling was a lesser-included offense of burglary in a dwelling. The court therefore instructed the jury only on the crime of burglary not in a dwelling and the jury found defendant guilty of that crime.

About a month after the verdict had been returned, no judgment order having been entered, the parties came before the court to argue the question of whether burglary not in a dwelling was a lesser offense of the original charge of burglary in a dwelling. At that time the state conceded that it was not a lesser-included crime[2] and the court granted defendant's motion for judgment of acquittal, stating:

"* * * Let the defendant's motion for a judg-

---

[1]
"Any person who breaks and enters any building within the curtilage of any dwelling house, but not forming a part thereof, or breaks and enters any building or part thereof, booth, tent, railroad car, vessel, boat, or other structure or erection in which any property is kept and which is not a dwelling house, with intent to steal or to commit any felony therein, is guilty of burglary and shall be punished upon conviction by imprisonment in the penitentiary for not more than 10 years." Former ORS 164.240.

[2] We have doubts about whether the state was correct in stating that burglary not in a dwelling is not a lesser-included offense to burglary in a dwelling. However, no question is here presented on this point.

ment of acquittal on the original indictment charging burglary in a dwelling be granted on the ground that there was a variance between the proof and the indictment, that in the opinion of the Court from the evidence heard on trial, the variance may be obviated by a new indictment, and pursuant to [ORS] 136.710 * * * [it] is the order of the Court that the matter be resubmitted to the grand jury for their further consideration * * *."

ORS 136.710, relied upon by the court, as amended by Oregon Laws 1973, ch 836, Section 248, p 2775, provides:

"If judgment of acquittal is given on a general verdict and the defendant is not detained for any other legal cause, he shall be discharged as soon as the judgment is given, except that, when the acquittal is for variance between the proof and the accusatory instrument, which may be obviated by a new accusatory instrument, the court may order his detention, to the end that a new accusatory instrument may be preferred * * *."

Subsequently the grand jury returned an indictment charging defendant with burglary not in a dwelling under former ORS 164.240. The defendant pleaded former jeopardy. This plea was denied by the trial court. Defendant thereafter stipulated the facts establishing his guilt, and judgment of conviction was entered. It is from this judgment that defendant appeals.

Defendant argues that the facts here are almost identical to the facts in *State v. Fair,* 263 Or 383, 502 P2d 1150 (1972), and that language in the majority opinion in *Fair* establishes that the principle enunciated in *Brown* applies and requires that defendant's conviction on the second trial must be set aside on grounds of double jeopardy.

In *Fair,* the defendant was first charged with burglary not in a dwelling, i.e., illegally entering a motel room with the intent to commit larceny. After the state rested Fair moved for a judgment of acquittal which was granted on the ground that the state's evidence disclosed that the motel room was in fact a dwelling. After Fair was acquitted on the charge of burglary in a dwelling he was indicted for larceny, alleging theft of a television set from the same motel room on the same date as that alleged in the burglary-in-a-dwelling indictment. Fair's plea of former jeopardy was rejected and he was found guilty of larceny. He appealed, alleging former jeopardy.

The majority opinion in the Supreme Court stated:

"As the burglary and larceny charges both arose out of the same transaction, this case poses the question of the retroactivity of our decision in State v. Brown, 262 Or 442, 497 P2d 1191 (1972) * * *." 263 Or at 385.

The majority opinion went on to hold that the *Brown* rule would not be retroactively applied and affirmed the conviction solely on that ground.[⑨] We cannot speculate as to what the four justices who concurred with the writer of the majority opinion would have held on the substantive issue, that is, would the *Brown* principle apply to the facts of *Fair,* because the only explicit holding in *Fair* is that *Brown* is not retroactive. One justice dissented on the grounds that

---

[⑨] We note that since State v. Fair, 263 Or 383, 502 P2d 1150 (1972), the United States Supreme Court has determined that decisions involving the double jeopardy clause of the United States Constitution contained in the Fifth Amendment are fully retroactive. Robinson v. Neil, 409 US 505, 93 S Ct 876, 35 L Ed 2d 29 (1973). We thus have a situation in which substantially similar language in the Oregon constitutional provision has been interpreted differently than has the federal constitution both as to substance and retroactivity.

he did not agree with *State v. Brown,* supra, in which he had also dissented. The Chief Justice specially concurred, indicating that he felt that the *Brown* principle would have applied in the *Fair* case except for the lack of retroactivity, and calling for legislation to allow amendments to indictments, saying:

> "* * * If this step is not taken, we perpetuate in Oregon rules of criminal procedure under which an accused is permitted to go free because of a legal error in the course of the proceedings even though his guilt or innocence has not been passed upon by the jury." 263 Or at 391-92.

None of the opinions in *Fair* mention *State v. Jones,* 240 Or 546, 402 P2d 738 (1965), applying former ORS 135.890,[⑦] which read:

> "If the defendant was formerly acquitted on the ground of a variance between the indictment and the proof * * * it is not an acquittal of the same crime."

In *Jones* the defendant had been tried under an indictment charging forgery, but that prosecution aborted on defendant's motion because of a variance between the indictment and the proof. Jones was subsequently convicted on a charge of obtaining property under false pretenses. Jones argued that his trial upon the second indictment violated his constitutional privilege against being put in jeopardy twice for the same offense because the two offenses for which he was prosecuted were in fact the same offense. The court held against Jones's contention, stating:

> "* * * We need not decide whether the defendant's construction of the two indictments is correct, because this appeal is without merit in any event.

---

[⑦] In 1973 the legislature replaced former ORS 135.890 with Oregon Laws 1973, ch 836, § 29, quoted in n 10, infra.

Even if the two offenses had been identical, ORS 135.890 would have permitted the second prosecution * * *." 240 Or at 547.

As the state points out in its brief the revisers of the new criminal procedure code were aware of both *State v. Brown,* supra, and *State v. Jones,* supra, and were of the opinion the principle enunciated in *Brown* was not applicable to fact situations such as existed in *Jones* and *Fair.* In the new code double jeopardy rules are stated in sections 27 to 29 of Oregon Laws 1973, ch 836, pp 2711-12. Section 27⑧ recognizes the impact of *State v. Brown,* supra, and sets forth the situations that act as a bar to subsequent prosecutions. Sections 28⑨ and 29⑩ state the exceptions to section 27. The Commentary to section 29 states:

"The new section is taken from ORS 135.890.

---

⑧

"Except as provided in sections 28 and 29 of this Act:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court.

"(3) If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the judgment of conviction is subsequently reversed or set aside." Oregon Laws 1973, ch 836, § 27, pp 2711-12.

⑨

"A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:

Definition of what constitutes a bar of another prosecution is stated in section 27.

"The reason the provisions of ORS 135.890 are included in this Article is to make clear that when a variance causes dismissal, this is not deemed an acquittal upon the merits. In that regard section 29 allows variance as a grounds for proper annulment of jeopardy. This section applies to all offenses including misdemeanors, felonies and violations.

"(1) The defendant consents to the termination or waives, by motion, by an appeal upon judgment of conviction, or otherwise, his right to object to termination.

"(2) The trial court finds that a termination, other than by judgment of acquittal, is necessary because:

"(a) It is physically impossible to proceed with the trial in conformity with law; or

"(b) There is a legal defect in the proceeding that would make any judgment entered upon a verdict reversible as a matter of law; or

"(c) Prejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the state; or

"(d) The jury is unable to agree upon a verdict; or

"(e) False statements of a juror on voir dire prevent a fair trial.

"(3) When the former prosecution occurred in a court which lacked jurisdiction over the defendant or the offense.

"(4) When the subsequent prosecution was for an offense which was not consummated when the former prosecution began." Oregon Laws 1973, ch 836, § 28, p 2712.

⑩

"The following proceedings will not constitute an acquittal of the same offense:

"(1) If the defendant was formerly acquitted on the ground of a variance between the accusatory instrument and the proof; or

"(2) If the accusatory instrument was:

"(a) Dismissed upon a demurrer to its form or substance; or

"(b) Dismissed upon any pre-trial motion; or

"(c) Discharged for want of prosecution without a judgment of acquittal." Oregon Laws 1973, ch 836, § 29, p 2712.

"*State v. Jones,* 240 Or 546, 402 P2d 738 (1965), upholds ORS 135.890 as being a proper basis for annulment of jeopardy. See also *Portland v. Stevens,* 180 Or 514, 178 P2d 175 (1947).

"The section clarifies ORS 135.890, and conforms its language to the entire draft. It enlarges upon the apparent scope of the existing statute in that it covers informations and complaints, as well as indictments." Proposed Oregon Criminal Procedure Code, Final Draft and Report 23, § 29 (1972).

Regardless, however, of whether *Brown* is applicable to the case at bar, *State v. Jones,* supra, explicitly approves of the procedures that were followed in the trial court. Since we cannot conclude from silence that the majority in *Fair* overruled *Jones* and declared ORS 136.710 and former ORS 135.890 unconstitutional, we are bound by *Jones* and the statutes.

Affirmed.