Argued November 21, 1978. Resubmitted in banc
May 8, reversed and remanded for trial May 14,
reconsideration denied June 19, petition for review
allowed September 25, 1979, 287 Or 477.

## STATE OF OREGON, *Appellant,*

*v.*

## CLARENCE DUKE MARTIN, *Respondent.*

### (No. C 77-04-05663, CA 11239)

594 P2d 1276

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

TANZER, J.

**TANZER, J.**

The state appeals a trial court order dismissing Counts II and III of an indictment on grounds of former jeopardy.

Defendant was initially indicted for and convicted of conspiracy to commit robbery in the first degree. He moved for and was granted a new trial based upon newly discovered evidence, pursuant to ORS 17.610(4). Upon reindictment, defendant was charged with two additional counts arising out of the same transaction as the first: Count II, robbery in the first degree and Count III, theft in the first degree. Defendant's motion to dismiss the additional counts was granted on the ground that trying defendant for crimes not charged in the first indictment would violate his protection against former jeopardy under the Oregon Constitution, Article I, section 12, and the Fifth and Fourteenth Amendments to the United States Constitution,[1] as construed in *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

The issues presented are: (1) whether the state may appeal a trial court order dismissing part of an accusatory instrument; and (2) whether upon reindictment after defendant is granted a new trial, the state may prosecute defendant for other charges arising out of the same act or transaction.

## JURISDICTION

The state asserts that it is appealing under ORS 138.060(1), which provides:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument."

---

[1] Article I, section 12, of the Oregon Constitution provides:

"No person shall be put in jeopardy twice for the same offence [sic], nor be compelled in any criminal prosecution to testify against himself."

Defendant argues that the order of dismissal could not be properly appealed under that provision because the trial court dismissed only two of the three counts of the indictment.

██ Where an indictment charges one offense, dismissal is appealable under ORS 138.060(1). Where several charges allegedly arose out of the same act or transaction, the state may either join the charges as separate counts of one indictment or it may indict separately on each charge, subject to a court order consolidating the indictments. ORS 132.560.[2] Whether joined or severed, however, each count in the indictment constitutes one offense which could have constituted the sole charge of an accusatory instrument against defendant and would be appealable. It would be illogical to permit the state to appeal dismissal of a charge if it were brought as a separate indictment but not if it were brought as a count of one indictment. We hold that the state may appeal the dismissal of separate counts of an indictment.

## DOUBLE JEOPARDY

The second issue is whether the state may prosecute defendant for additional charges arising out of the same act or transaction after a conviction has been set aside on defendant's motion for new trial.

It is well established that an order for new trial based upon the defendant's motion nullifies the jeopardy which attached as a result of the trial. In *State v. Jones,* 240 Or 546, 402 P2d 738 (1965), the defendant's first trial for forgery was terminated upon defendant's motion to dismiss based upon a variance

---

[2] ORS 132.560 provides:

"The indictment must charge but one crime, and in one form only, except that:

"(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative.

"(2) When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

between the indictment and the proof. The Supreme Court held that a subsequent conviction for obtaining property under false pretenses arising from the same facts did not violate the defendant's constitutional privilege against double jeopardy because jeopardy had been annulled by the granting of defendant's motion in the first case. Therefore, the Supreme Court held, the proceedings stood "upon the same footing as if the defendant had never been in jeopardy," 240 Or at 548. Defendant's vacated conviction in this case is equally a nullity.

We applied *Jones* in *State v. Gaylor,* 19 Or App 154, 527 P2d 4 (1974). There, a conviction for negligent homicide was reversed on appeal. On remand, defendant was indicted for the same crime plus an additional count of negligent homicide of another victim. We cited United States Supreme Court cases and *State v. Jones* for the proposition that the reversal of the first conviction at defendant's request rendered the first conviction a nullity for double jeopardy purposes which had no restricting effect upon subsequent proceedings. This case is analogous to *Gaylor.*

The former jeopardy rules of *State v. Brown* are not to the contrary because they apply only where there has been former jeopardy. Here there is none. Where the conviction is set aside upon the defendant's motion, the law is clear that the nullified proceeding does not constitute former jeopardy and bar subsequent proceedings. In *State v. Ayers,* 16 Or App 655, 663, 520 P2d 449 *rev den* (1974), we acknowledged that *State v. Jones* remained good law despite the intermediate decisions in *State v. Brown* and *State v. Fair,* 263 Or 383, 502 P2d 1150 (1972). We have no reason to disturb that holding.

As in *Jones* and *Gaylor,* the trial in this case was nullified on defendant's motion. It therefore no longer constitutes former jeopardy and there is nothing to prohibit the state from reframing its charges. This is not to hold that there is no restriction upon subsequent

[221]

proceedings after a conviction has been set aside. For example, if the nullified conviction is for a lesser offense, the conviction operates as an acquittal of any greater offense in which the lesser offense is included. *State v. Steeves,* 29 Or 85, 43 P 947 (1896); *State v. Cloutier,* 33 Or App 121, 575 P2d 996 *rev allowed* (1978). In such a case the acquittal of the greater offense is not nullified and would bar a subsequent prosecution for the greater offense. Also, by an extension of the nonconstitutional procedural policy of *State v. Turner,* 247 Or 301, 315, 429 P2d 565 (1967), the defendant's punishment cannot be increased if he is convicted again of offenses arising from the same act or transaction. The prior acquittal problem is not presented by this case and we need not anticipate the resentencing problem.

The order of dismissal is reversed and the case remanded for trial.

**SCHWAB, C. J.,** dissenting.

Unlike the majority, I do not think this case can be resolved merely by citing prior cases for the simple reason that I do not think the prior cases directly considered or specifically resolved what I understand the present issue to be.

A couple of preliminary points will aid in defining the issue. The three charges in the indictment currently pending against defendant arose from a single transaction, were all known at the same time to the prosecutor and are triable in the same court. *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). This means that, had the defendant not successfully moved for a new trial following his conviction on the single charge of conspiracy to commit robbery, the state would be foreclosed from prosecuting him on the additional charges here in question.

The parties, the trial court and the majority have all assumed that, for double-jeopardy purposes, a trial

[222]

court's allowance of a motion for a new trial is the functional equivalent of an appellate court's reversal and remand for a new trial. I join in that assumption.

Thus, the question becomes: Given that a final judgment on the single charge for which defendant was initially tried would bar further prosecution on the additional charges the state has added, why does the defendant's success in getting the initial judgment set aside expose him to the need to defend against and to potential criminal liability for additional charges that could not otherwise be made? "Nullification" is the majority's answer. But that term has alternative possible meanings. It certainly means, I agree, that a person can be prosecuted again for the *same charge* following reversal. But the majority uses "nullification" to mean that a person can have the proverbial book thrown at him by being charged with any number of new or different crimes that would otherwise be barred by the *Brown* doctrine. I therefore think the central issue where the majority and I differ comes down to the *extent* of "nullification" following reversal or its equivalent.

I would hold nullification does not extend to reviving what is otherwise dead—charges that could have been made but were not made and that would otherwise be barred by the *Brown* doctrine. I find support for that approach in two analogous situations.

Suppose a defendant were charged with a greater crime, say murder, and convicted of a lesser crime, say manslaughter. Suppose the manslaughter conviction was reversed because of procedural error. On remand, could the defendant again be prosecuted for murder? I think not, because what is effectively acquittal on the greater charge is *not* nullified by reversal of the conviction on the lesser charge. The majority agrees with a negative answer. 40 Or App at 222. But I understand the thesis of the majority opinion to be that nullification is complete and total, *i.e.,* that a defendant is in the same position he was in the day

[223]

before any charge was made. Having adopted that thesis, I cannot understand the majority's agreement that the state could not retry my hypothetical defendant for murder.

But by whatever logic, the majority does agree with the result: following a charge of murder, which resulted in a conviction for manslaughter, which was reversed on appeal, the defendant could only be retried for manslaughter. To that agreement, I add one other point: Under *Brown,* a prosecutor's decision to charge a certain crime but not to charge other crimes that arise from a single transaction is, once trial begins, functionally the same as a jury acquittal for the other crimes. Given that a jury acquittal on a greater charge is not nullified by reversal of a conviction on a lesser charge, and given that a decision not to prosecute can have the same effect as an acquittal, I think it follows that nullification of jeopardy does not extend to charges that could have been made but were not made and that otherwise would be barred by the *Brown* doctrine.

The second analogy that I think supports a more limited application of nullification than used by the majority comes from *State v. Turner,* 247 Or 301, 429 P2d 565 (1967). The defendant had been convicted of robbery. That conviction was reversed and remanded for a new trial. Defendant was convicted again on the same charge and received a longer sentence than that imposed after the original trial. The Supreme Court held that upon retrial a defendant could not be given a greater sentence than he had received at the conclusion of the first trial. In so holding, the Supreme Court rejected the exact premise followed by the majority today—that the first trial was a total nullity that should be regarded as never happening. 247 Or at 312.

My understanding of *Turner* can be illustrated with a different hypothetical. Suppose a defendant were charged with and convicted of manslaughter, which

conviction was reversed because of procedural error. On remand, could the state obtain a new indictment charging murder? I see nothing in today's majority opinion that suggests a negative answer. But I think a negative answer is implicit in *Turner:* the prohibition against imposing a greater sentence on retrial implies a limitation on exposing the defendant to substantially greater possible criminal liability.

In any event, *Turner* specifically bars a sentence that could have been imposed, but was not. I do not think it is straining an analogy to rely on *Turner* for my present position of barring retrial on charges that could have been made, but were not.

I do not think the prior cases relied upon by the majority have considered or resolved the *extent* of nullification of jeopardy which I see as the central issue here. *State v. Jones,* 240 Or 546, 402 P2d 738 (1965), is limited in its guidance because it was decided before *State v. Brown, supra,* which creates a large part of the present question. Moreover, *Jones* and *State v. Ayers,* 16 Or App 655, 520 P2d 449, *rev den* (1974), were both cases where the first trial ended favorably to the defendant solely because of a variance between the pleading and the proof. Obviously, such cases present unique problems to the extent that, by definition, retrial is going to involve some new or different charge. I would not extract from variance cases like *Jones* or *Ayers* any general proposition that new or different charges are always permissible on retrial.

*State v. Gaylor,* 19 Or App 154, 527 P2d 4 (1974), is to the contrary of the position I would here adopt. The defendant's first trial had been on a single-count indictment charging negligent homicide. Following an appellate reversal, he was tried for *two* counts of negligent homicide—causing the death of the victim alleged in the original indictment, and causing the death of another victim killed in the same automobile accident. Although our opinion does not so state, we

[225]

apparently assumed that the additional charge would have otherwise been barred under the rules of *State v. Brown, supra.*

We nevertheless upheld the addition of and conviction for the charge involving the second victim repeating the often-used language equating nullification of jeopardy with a "slate wiped clean." 19 Or App at 159. But mere repetition does no validate a legal cliche. And as stated above, it is now clear to me that the slate is *not* wiped clean in at least two situations: (1) reversal of a conviction on a lesser-included charge does not revive the greater charge for which the defendant was implicitly acquitted; and (2) reversal of a conviction on any charge does not revive the possibility of defendant receiving a greater sentence than that actually imposed in the first trial. Nullification is therefore *not* complete and total—a fact that is not going to be changed by any number of metaphors about spotlessly clean slates.

For the foregoing reasons I would overrule *Gaylor* and hold that an appellate reversal does not authorize retrial on new charges that would otherwise be barred by *Brown.* I respectfully dissent.

Thornton, Richardson and Roberts, Judges, join in this dissenting opinion.