# STATE OF OREGON,
*Appellant,*

*v.*

# O. W. GOAKEY AND PEGGY GOAKEY,
*Respondents.*

## (No. 79-1705-M, CA 16183)

613 P2d 1074

Richard L. Garbutt, Deputy District Attorney, Klamath Falls, argued the cause and filed the brief for appellant.

Ort W. Goakey, Klamath Falls, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Defendants were charged in justice court with criminal trespass (ORS 164.245), a Class C misdemeanor. In the justice court defendants' demurrer, based on a claim that the citation did not sufficiently allege an offense, was sustained. The charge was dismissed. A letter from the judge granting 20 days to "refile" was attached to the order. The state filed a new complaint within the 20-day time period, but in district court. The district court allowed a second demurrer and dismissed the complaint, based on two reasons.

The court's first rationale was:

"*** [T]he State may not prosecute a defendant in two different Courts for the same offense."

The second was that if the case had been concluded in justice court by a dismissal, ORS 135.753(2) would bar refiling. ORS 135.753(2) provides:

"An order for the dismissal of a charge or action, as provided in ORS 135.703 to 135.709 and 135.745 to 135.757, is a bar to another prosecution for the same crime if the crime is a Class B or C misdemeanor; but it is not a bar if the crime charged is a Class A misdemeanor or a felony."

■ The defendants demurred to the complaint "on the ground that same fails to allege facts sufficient to constitute a crime." ORS 135.753(2) does not apply to dismissals based on sufficiency of accusatory instruments[1] and did not bar refiling in this case.

---

[1] ORS 135.753(2) does bar refiling in two major areas: compromise (ORS 135.703-.709) and violation of speedy trial provisions (ORS 135.745-.750). With respect to dismissals by the court on motion of the district attorney (ORS 135.755), *see State v. Patton,* 23 Or App 48, 541 P2d 146 (1975).

■ We are left with the question of whether the allowance of the defendants' demurrer by the justice court actually concluded the action in that court.[2] ORS 135.670(1) provides:

"If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled."

The court's letter allowing the state to "refile" within 20 days merely gave the state the opportunity to start the action anew. *State v. Picard,* 37 Or App 483, 587 P2d 514 (1978). A new action could, of course, be brought in any court of competent jurisdiction, and the district court was such a court.

Reversed and remanded for trial.

_____

[2] We do not deal in this case with a question of double jeopardy. The Supreme Court has stated:

"*** Jeopardy does not attach until the jury is sworn or, if the judge is the trier of fact, until the first witness is sworn, or until the defendant is convicted on a plea of guilty."

*State v. Stover,* 271 Or at 140, 531 P2d 258 (1975); *see also State v. Buck,* 239 Or 577, 398 P2d 176, 399 P2d 367 (1965).