Argued and submitted May 31, affirmed July 13, 1988

STATE OF OREGON,
*Respondent,*

*v.*

DAVID M. HELANDER,
*Appellant.*

(87-11581; CA A46497)

758 P2d 359

John W. Lundeen, Lake Oswego, argued the cause and filed the brief for appellant.

Frank Gruber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals his conviction for failing to perform the duties of a driver involved in an accident in which property is damaged. ORS 811.700(1)(a). We affirm.

Defendant was cited for violating ORS 811.700(1)(a) after allegedly being involved in a "hit and run" accident on January 9, 1986. The citation stated that the violation occurred at "C Ave[nue] at or near 5th St[reet]" in Lake Oswego. Defendant waived a jury and his trial began in municipal court on September 24.[1] The state presented evidence that a collision occurred at B Avenue near Fifth Street.[2] On defendant's motion, a "judgment of acquittal" was entered because of the variance between the state's proof and the accusatory instrument. On October 16, a complaint was filed alleging that defendant violated of ORS 811.700(1)(a) on January 9 "at or near 5th [Street] and 'B' Avenue." On January 7, 1987, the municipal court denied defendant's motion to dismiss the complaint on double jeopardy grounds, because, under ORS 131.535(1), an acquittal on the basis of a variance between the accusatory instrument and the proof does not constitute an acquittal for double jeopardy purposes.[3] He was convicted after a stipulated facts trial.

Defendant sought *de novo* review in district court, where his motion to dismiss on double jeopardy grounds was again denied on the basis of ORS 131.535(1). He was convicted on October 16 after a stipulated facts trial. He appeals,[4] essen-

---

[1] Under ORS 153.565, a municipal court has jurisdiction of state traffic offenses. *City of Lake Oswego v. Mylander*, 301 Or 178, 183, 721 P2d 433 (1986).

[2] On January 23, 1986, apparently after the citing officer learned that the accident had occurred at or near the intersection of B Avenue and Fifth Street, a citation was issued to defendant for violating "ORS 811.700" at the B Avenue location. A third citation was issued later charging defendant with "failure to perform duties of a driver/property damage in violation of [a] state statute" at the B Avenue location. Those charges were dismissed on March 17, but the record does not reveal the reason for the dismissals.

[3] ORS 131.535(1) provides, in relevant part:

"The following proceedings will not constitute an acquittal of the same offense:

"(1) If the defendant was formerly acquitted on the ground of a variance between the accusatory instrument and the proof * * *."

[4] Because defendant was charged with violation of a state statute, ORS 221.360 does not deprive us of jurisdiction. *See City of Lake Oswego v. Mylander, supra.*

tially contending that ORS 131.535(1) is unconstitutional under the double jeopardy provisions of the Oregon and federal constitutions.[5]

■  The issue has been decided under the Oregon Constitution. ORS 131.535(1) does not offend Article I, section 12. *State v. Jones,* 240 Or 546, 548, 402 P2d 738 (1965); *State v. Ayers,* 16 Or App 655, 663, 520 P2d 449, *rev den* (1974).[6] We hold that it also does not offend the Fifth Amendment.

■  The Fifth Amendment prohibition against double jeopardy is designed to protect an individual from the physical, psychological and financial burdens that arise when the government attempts repeated prosecutions. *See United States v. Scott,* 437 US 82, 87, 98 S Ct 2187, 57 L Ed 2d 65 (1978). The Supreme Court has said that " 'central to the objective of the prohibition against successive trials' is the barrier to 'affording the prosecution another opportunity to supply evidence which it failed to muster at the first proceeding.' " *United States v. DiFrancesco,* 449 US 117, 128, 101 S Ct 426, 66 L Ed 2d 328 (1980), *quoting Burks v. United States,* 437 US 1, 11, 98 S Ct 2141, 57 L Ed 2d 1 (1978). The double jeopardy clause prohibits retrying a defendant for the same offense after a judgment of acquittal has been entered. *See United States v. Scott, supra,* 437 US at 91. A defendant is "acquitted" for double jeopardy purposes only when some or all of the factual elements of the offense charged are actually resolved in the defendant's favor. *United States v. Dahlstrum,* 655 F2d 971, 974 (9th Cir 1981), *cert den* 455 US 928 (1982). The trial court's characterization of its own action as an "acquittal" is not controlling. *United States v. Scott, supra,* 437 US at 97. A defendant suffers "no injury cognizable under the Double Jeopardy Clause * * *" when he deliberately seeks and obtains termination of the proceedings in the trial court

---

[5] Article I, section 12, of the Oregon Constitution provides:

"No person shall be put in jeopardy twice for the same offence [*sic*], nor be compelled in any criminal prosecution to testify against himself."

The Fifth Amendment to the federal constitution provides, in relevant part:

"[N]or shall any person be subject for the same offence [*sic*] to be twice put in jeopardy of life or limb * * *."

[6] *Jones* and *Ayers* interpreted the statute that ORS 131.535(1) replaced, *former* ORS 135.890. *See State v. Ayers, supra,* 16 Or App at 660 n 7. The two statutes do not differ substantively.

on a basis unrelated to factual guilt or innocence. *United States v. Scott, supra,* 437 US at 98-99; *see United States v. Schwartz,* 785 F2d 673, 678-79 (9th Cir), *cert den* 479 US 890 (93 L Ed 2d 264) (1986).

In *Scott,* the defendant moved to dismiss the first count of his indictment for preindictment delay. The trial court granted the motion at the close of all the evidence, after jeopardy had "attached." 437 US at 95. The defendant thus

"successfully avoided * * * submission of the first count of the indictment [to the jury] by persuading the trial court to dismiss it on a basis which did not depend on guilt or innocence. He was thus neither acquitted nor convicted, because he himself successfully undertook to persuade the trial court not to submit the issue of guilt or innocence to the jury which had been empaneled to try him." 437 US at 99.

The Court concluded that the defendant could not claim former jeopardy, because the double jeopardy clause "guards against government oppression, [but] does not relieve a defendant from the consequences of his voluntary choice." 437 US at 99.

The circumstances of this case are strikingly similar to those in *Scott.* After the state had presented its case and jeopardy had attached, defendant moved for a judgment of acquittal. The trial court granted the motion because of a variance between the proof and the accusatory instrument. The record does not indicate that the state failed to establish defendant's guilt. Guilt or innocence was not resolved at the first trial. Furthermore, the state was not afforded an opportunity to supply evidence at the second trial that it did not produce at the first trial. The granting of defendant's motion, therefore, does not invoke the federal prohibition against double jeopardy, *United States v. Scott, supra,* and the state was not barred from prosecuting defendant again.

Affirmed.