Argued December 19, 1972, reversed and remanded
March 5, 1973

# STATE OF OREGON, *Respondent, v.* MICHAEL ERNEST EUSTED (Nos. 72-0135 & 72-0136), *Appellant.*

507 P2d 60

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant appeals from convictions by jury on two indictments, one for selling narcotics and one for selling dangerous drugs, which were consolidated for trial by the court on its own motion. Defendant urges that it was error for the court to deny him separate trials.

Defendant was charged in separate indictments, one with illegal sale on December 17, 1971 of the narcotic drug marihuana to Rudy M. Mauch and in the other illegal sale on December 17, 1971 of the dangerous drug amphetamine to Steven A. Cain. There

was nothing in either indictment indicating the crimes were part of one act or transaction.

A judge of the Lane County Circuit Court on his own motion consolidated the cases for trial by an order which read in pertinent part:

> "THIS MATTER coming on upon the Court's own motion, and it appearing that the trial of the above entitled cases should be consolidated, subject to statute,
>
> "* * * IT IS SO ORDERED."

Defendant thereafter moved for separate trials of the cases on the ground there was "no statutory provision or authority" for consolidating them for trial. Thereafter another circuit judge denied the motion for separate trials and at commencement of the trial of the consolidated cases, presided over by yet another circuit judge, the defendant renewed his motion for separate trials. There for the first time he gave as an additional reason for separate trials that he desired to testify in the narcotic drug (marihuana) case and desired not to testify in the dangerous drug (amphetamine) case. He told the court that if the cases were tried jointly he would be forced to incriminate himself as to the case in which he did not testify. The judge then inquired of defendant if he had raised this additional reason for separate trials before the judge who had previously denied the motion for separate trials. Counsel responded that he had not because he had not been aware of the testimonial problem at that time. The trial judge then denied the renewed motion for separate trials. The defendant did not take the witness stand in connection with either case and was found guilty by the jury on both charges.

■ The Oregon statute on joinder of offenses and consolidation of indictments has provided, since 1933:

> ORS 132.560:
>
> "The indictment must charge but one crime, and in one form only, except that:
>
> "(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative.
>
> "(2) When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

and since the matter of consolidation has been preempted by statute in Oregon, the requirements of the statute must be met.

■ In the present case there was nothing in the record at the time the *sua sponte* consolidation order was made to warrant ordering the consolidation of the two indictments. The indictments themselves allege independent sales of different drugs to different persons. Only the date of sale and venue are common to the two transactions. Thus so far as the record is concerned it is clear that consolidation was unauthorized and improper at that time.

Since this case must be remanded for a new trial, we will discuss the other aspect of the consolidation order, i.e., the court's denial of defendant's motion to have the cases tried separately.

■ Even though consolidation of the two indictments had been accomplished, the defendant was entitled to have his motion for severance given serious

consideration. Consolidation is favored① but in each case it must be governed by the proviso that it will not "result in prejudice to the defendant or embarrassment in the presentation of his defense." *Morris v. United States,* 12 F2d 727, 729 (9th Cir), *dismissed* 296 US 666, 57 S Ct 755, 89 L Ed 2008 (1926).

> "It is the heavy obligation of the trial court sedulously to take care that * * * in no aspect are the substantive rights of the defendant adversely affected * * *." *Commonwealth v. Slavski,* 245 Mass 405, 412-13, 140 NE 465, 29 ALR 281 (1923).

■ It is the right of the defendant to testify in his own behalf in a given case, Oregon Constitution, Art I, § 11, and it is also his right in a given case not to be compelled to testify against himself, Oregon Constitution, Art I, § 12. Under the circumstances here it would be possible to accord him both these rights by granting separate trials. We are of the opinion that a valid reason for the separation of the trials was advanced here and that it would be proper to grant a motion for separate trials.

Reversed and remanded.

---

① Prominent among the factors favoring consolidation of indictments is the avoidance of unnecessary delay and expense.