Argued July 26, affirmed August 27, petition for review
denied October 2, 1973

STATE OF OREGON, *Respondent, v.* LEE
EDWARD HATTER (No. C 72-11-3444 Cr),
*Appellant.*
513 P2d 511

*Charles V. Elliott,* Portland, argued the cause for
appellant. With him on the brief were Elliott & Davis,
Portland.

*John W. Burgess,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and John
W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

The defendant was indicted on four counts of criminal activity in drugs, and one count charging him with being an ex-convict in possession of a firearm. The jury found him guilty of two of the four drug counts, and also found him guilty of the charge of ex-convict in possession of a firearm. On appeal defendant contends that it was error for the trial court to deny his motion to sever for separate trial the "ex-convict-in-possession" charge. Defendant's motion was based on the ground that trial on the "ex-convict-in-possession" charge would necessarily disclose to the jury that defendant was an ex-convict by virtue of having been previously convicted of criminal activity in drugs—the same charges he was facing in this case.

There might well have been merit in defendant's motion to sever for separate trials. *See, State v. Sanchez,* 14 Or App 234, 511 P2d 1231 (1973); *State v. Eusted,* 12 Or App 351, 507 P2d 60 (1973). However, we do not reach that question because the motion was not timely presented in the manner explicitly directed by the trial court.

This case originally came on for trial before Judge Roth in Multnomah County on January 19, 1973. At that time there was on file the above-described motion to sever the "ex-convict-in-possession" charge. Judge Roth, although expressing a tentative opinion, did not finally rule upon the motion because it developed, for reasons not here relevant, that the case would have to be set over. Judge Roth, referring to the

motion to sever, said, "You take it back to the criminal presiding judge for argument on that. Set it down right next week so we don't run into any problems." The deputy district attorney at that juncture stated, "I'm going to let the defense arrange for his own schedule in terms of when he goes to [the] presiding [criminal judge], Your Honor. We will meet him there whenever he gets there."

The case was thereafter assigned out for trial commencing on March 5, before Judge Murchison. Contrary to Judge Roth's specific instructions to set the matter down before the presiding criminal judge within the week following the January 19 hearing, this had not been done. The defendant, although not having followed Judge Roth's instructions, raised the question of severance again before Judge Murchison, stating:

"* * * [T]his is to be raised before the Trial Judge at this time. And that's why I raised it here.

"It would have been a simple matter to raise this before the Presiding Criminal Judge, but this was before Judge Roth, and that's why we reserved it until today."

Judge Murchison's denial of the motion to sever is the basis of defendant's assignment of error.

We do not reach the merits of defendant's contention. Defendant did not comply with the specific and reasonable instructions of the judge to whom the case was initially assigned—instructions reasonably calculated to make efficient use of judicial time and expedite the handling of criminal cases. No error was committed in denying defendant's untimely motion to sever.

Affirmed.