Argued May 27, reversed and remanded for new trial July 14, 1975

## STATE OF OREGON, *Respondent, v.* DARWIN ALLEN WILLIAMS (No. 74 4373), *Appellant.*

538 P2d 89

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

In a two-count indictment defendant was charged with first-degree robbery, ORS 164.415, and ex-convict in possession of a concealable firearm, ORS 166.270. Defendant moved for separate trials. The trial court denied the motion. Having been convicted on stipulated facts of second-degree robbery, ORS 164.405, and the firearm-possession charge, defendant appeals, assigning as error the denial of his motion for separate trials.

At the argument on the motion for separate trials, defense counsel contended that defendant might desire to testify on the firearm-possession charge, but invoke his right to remain silent on the robbery charge; might want a jury trial on the robbery charge, but waive a jury on the firearm-possession charge; and that proof of a prior robbery conviction, germane to the firearm-possession charge, would necessarily prejudice a jury consideration of the present robbery charge. Defense counsel expressly waived any double-jeopardy right to a single trial. The state did not appear at the hearing on defendant's motion for separate trials.

In *State v. Bishop*, 16 Or App 310, 314, 518 P2d 177 (1974), we held:

"* * * [P]rosecutors * * * [should] obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. Such an election would usually either constitute a waiver of *Brown* rights to a single trial, or waiver of *Fitzgerald* rights to separate trials.

"*Likewise, trial judges would be well advised to resolve doubts in favor of the defendant's position in such a situation.*" (Emphasis supplied.)

In *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975), the Oregon Supreme Court quoted this language from *Bishop* with approval, 271 Or at 568, and added:

"* * * Unless the prosecutor is absolutely certain that presenting the facts underlying each charge will not necessitate reference to the facts underlying another, the prosecutor should move for joinder of the charges for trial. The defendant may oppose, acquiesce in, or join in this motion or, if the charges were initially brought together, move for severance. The defendant will thus be forced to make a choice as to joinder or severance which, in the vast majority of cases, should be accepted. Any objections the defendant might make to the prosecutor's choice would thereafter be waived. In the rare case in which the prosecutor would have an interest in opposing the defendant's choice of joinder or severance, the trial and appellate courts will determine whether the charges are unitary by reference to their factual interrelation in terms of the *Fitzgerald* test. In making this determination, the emphasis of necessity will be on the accused's rights to be free from being required to answer more than once for the same act or transaction and to face a trier of fact unprejudiced by damning evidence of extraneous transactions. Because these two rights may appear to conflict before the evidence is actually adduced at trial, *the accused's choice should normally be accepted unless clearly improper.*" 271 Or at 568-69. (Emphasis supplied.)

■ The state here relies on *State v. Eusted,* 12 Or App 351, 507 P2d 60 (1973), for the proposition that defendant has not established he was prejudiced by the denial of his motion for separate trials. To the extent that *Eusted* may be construed as placing the burden to establish good cause for separate trials on a defendant, it is inconsistent with *Bishop* and *Boyd*

which place the burden of establishing that a defendant's election is "clearly improper" on the state.

■ In this case, the state—having chosen not to appear at the hearing on defendant's motion for separate trials—did not establish that defendant's election was improper.

Reversed and remanded for new trials.