Argued September 20, reversed and remanded for new trial November 1, reconsideration denied December 8, 1976, petition for review denied February 1, 1977

STATE OF OREGON, *Respondent,*
*v.*
GLENN ARTHUR GILBERT, *Appellant.*
(No. C 75-12-3814 Cr, CA 6076)
555 P2d 796

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

After a trial without a jury, defendant was convicted of second degree assault and murder. Upon appeal he assigns as error the denial of his motion for separate trials on each charge.

On December 2, 1975, defendant became involved in a fight with Mike Keefauver. At one point in the fight, Keefauver was rendered senseless, and Jon Byrn, a bystander, sought to aid Keefauver. When Keefauver regained his feet, he and defendant resumed the fight, which culminated in Keefauver's death due to numerous stab wounds. Defendant then approached Byrn, and stabbed him once.

The state brought only one indictment, with separate counts for second degree assault and murder. Prior to trial, the defendant moved for separate trials on each count. The state opposed the motion, which was denied by the circuit court.

In *State v. Bishop,* 16 Or App 310, 518 P2d 177 (1974), we suggested a procedure which prosecutors should follow when faced with the choice of bringing either separate indictments or one indictment with multiple counts:

"* * * [P]rosecutors * * * [should] obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. * * *" 16 Or App at 314.

In *State v. Boyd,* 271 Or 558, 568-69, 533 P2d 795 (1975), the Oregon Supreme Court approved this procedure and explained its practical effect:

"* * * [W]henever the prosecutor becomes aware of multiple charges facing a single defendant, he must make an initial determination of whether the charges are unitary, that is whether they grew out of a single act or transaction. Unless the prosecutor is absolutely certain that presenting the facts underlying each charge will not necessitate reference to the facts underlying

[ 157 ]

another, the prosecutor should move for joinder of the charges for trial. The defendant may oppose, acquiesce in, or join in this motion or, if the charges were initially brought together, move for severance. The defendant will thus be forced to make a choice as to joinder or severance which, in the vast majority of cases, should be accepted. Any objections the defendant might make to the prosecutor's choice would thereafter be waived. In the rare case in which the prosecutor would have an interest in opposing the defendant's choice of joinder or severance, the trial and appellate courts will determine whether the charges are unitary by reference to their factual interrelation in terms of the *Fitzgerald* test. In making this determination, the emphasis of necessity will be on the accused's rights to be free from being required to answer more than once for the same act or transaction and to face a trier of fact unprejudiced by damning evidence of extraneous transactions. Because these two rights may appear to conflict before the evidence is actually adduced at trial, the accused's choice should normally be accepted unless clearly improper.

"* * * This is, of course, precisely the sort of case in which the procedure suggested in *State v. Bishop,* supra, would have prevented an appeal. If the prosecutor had moved to consolidate the indictments for trial, the defendant would have been forced to elect between serving her interest in having the case disposed of in a single adjudication and serving her interest in having separate trials so that the evidence of one charge is not interjected into the trial of the other charge. There is no conceivable valid reason why the prosecutor would object to the choice the defendant would have made. * * *"

Finally, in *State v. Mancuso,* 25 Or App 785, 551 P2d 110, Sup Ct *review denied* (1976), we noted that the failure of a prosecutor to avail himself of the *Bishop-Boyd* procedure would result in doubtful cases being construed in favor of the defendant.

In this case the state has made no showing that the defendant's election of severance was "clearly improper." *State v. Boyd, supra.* Instead, the state, citing *State v. Williams,* 75 Adv Sh 2594, 22 Or App 106, 538 P2d 89 (1975), argues that before defendant's convic-

tions can be reversed he must show that he was prejudiced by the joinder of the counts. *Williams,* however, far from establishing that a defendant must show he is prejudiced by joinder, instead makes clear that the state has the burden of showing the defendant's election of severance or joinder is improper.

The *Boyd-Bishop* procedure was born out of the necessity of removing from the prosecutor the burden of making a "Hobson's choice". We do not understand from the record why it was not employed in this case.

Reversed and remanded for a new trial.