On respondent's petition for reconsideration filed June 24, petition for reconsideration granted and former opinion (85 Or App 169, 735 P2d 1281) withdrawn, affirmed December 30, 1987, petition for review denied March 22, 1988 (305 Or 433)

STATE ex rel STATE OF WASHINGTON,
Department of Social and Health Services,
MARTIN,
*Appellant,*

*v.*

DILWORTH,
*Respondent.*

(D8408-66084; CA A40178)

747 P2d 387

E. Ted Meece and Deich, Hinton and Lawrence D. Gorin, Portland, for petition.

Dave Frohnmayer, Attorney General, Virginia L. Linder,

Solicitor General and Robert M. Atkinson, Assistant Attorney General, Salem, for response.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Respondent on appeal petitions for reconsideration of our opinion, 85 Or App 169, 735 P2d 1281 (1987), which reversed a jury verdict in his favor and remanded for a new trial. We grant reconsideration, withdraw our former opinion and affirm.

This is a filiation proceeding brought by the state. The child's mother was married at the time of the child's birth, although she was not cohabiting with her husband, Beeson. In response to the filiation petition, the alleged father (respondent) filed affirmative defenses, including an allegation that Beeson was presumed to be the father under ORS 109.070.[1] The state filed a motion for partial summary judgment directed at that issue—on the grounds that mother and Beeson had not been cohabiting and that Beeson had been conclusively excluded as the father by blood tests. The motion was accompanied by affidavits, together with the blood test reports, and included a statement that Beeson had previously had a vascectomy. No testimony was taken, and the motion was granted.

Trial was before a different judge. Before trial, the state filed a motion *in limine* to exclude evidence of the Beeson relationship, again on the grounds that the couple was not cohabiting and that blood tests excluded Beeson. The motion was denied.[2] The state then moved to exclude any evidence of respondent concerning Hedgepeth, mother's landlord, who, the state said, had also been excluded as the father by blood testing. He was prepared to testify for the state that he had not had a sexual relationship with mother. The trial court did not hear argument from respondent, but denied the state's motion with leave "as the trial progresses * * * to raise that motion again."

The state did not object to the evidence of Hedgepeth's relationship with mother, but instead called him as its witness. In its case-in-chief, the state also questioned mother about her marriage. After the jury verdict, and despite

---

[1] ORS 109.070 regulates proof of paternity of a child conceived during marriage.

[2] The state does not assign as error the denial of the motion in the light of the summary judgment.

its tactical decision to meet the relationships "head on," the state appealed and assigned as error the denial of its motions to exclude the evidence of Beeson and Hedgepeth. The state acknowledged that it had introduced some of the same evidence that it had objected to pretrial but argue that it did so without waiving its objection to the introduction of that evidence. However, the state did not then point out to us the full extent to which it used the evidence which it had sought to exclude. For his part, respondent originally argued only that the state had "opened the door" to the admission of the evidence by its remarks in its opening statement. In his petition for reconsideration, he now asserts that the state waived its right to object to the evidence of the relationships.

■■ On reconsideration, we agree with respondent that the state's tactical decision constituted a waiver of any claim of error about the pretrial denials. Generally, a decision on a pretrial motion to exclude evidence should be left to the discretion of the trial judge. *State v. Foster,* 296 Or 174, 183, 674 P2d 587 (1983). Despite the state's claim to the contrary, the record does not show that it made any effort to preserve its position that the denial was an abuse of discretion by raising the matter during trial. It did not choose to wait until respondent presented the evidence and then object; rather, it chose to make the relationships an issue. No party can simultaneously object to evidence and offer the same evidence.

In its response to the petition for reconsideration,[3] the state contends that our former opinion avoids the effect of blood test evidence. It urges us to reexamine our

"apparent aversion to recognizing the conclusive impact of blood test exclusion evidence.

"* * * * *

"If, in a preliminary hearing, the petitioner can establish by blood test evidence that meets the test of ORS 109.250 to 109.262 that a given individual is not the father of the subject child, the respondent should be precluded, upon sufficient motion, from introducing evidence of a sexual relationship between that man and the mother, or suggesting that such a relationship existed."

By that, the state asks us to determine a case other

---

[3] The state filed the response at our request.

than the one before us. The posture of this case as it was tried and originally presented to us raised the issue of whether the evidence of mother's relationships was relevant to the issue of paternity, not whether blood testing can conclusively determine non-paternity.[4] The state's motions did not rely *only* on blood tests; the tests were only one ground for excluding the evidence. Furthermore, the record of the hearings on the state's motions does not support its claim that the blood tests were unchallenged. During the hearings, respondent did not agree that the blood tests were conclusive. He did concede in closing arguments that neither Hedgepeth nor Beeson could be the father. However, there is nothing in the record to show that respondent would have accepted the conclusions of the blood tests before trial.

■      In its original brief, the state also assigned error to the admission of testimony by respondent that mother had sexual relationships with other men. We held that admission of that evidence, in conjunction with the evidence about Beeson and Hedgepeth, was reversible error. We noted, however, that just one of the pieces of evidence might not have been so prejudicial as to require a new trial. The alleged father's testimony, standing alone, does not require reversal.

Petition for reconsideration granted; former opinion withdrawn; affirmed.

---

[4] The state urges us to determine that ORS 109.258, which is designed to protect an incorrectly accused putative father, is a legislative conclusion that blood test evidence which excludes a man as the father is conclusive. The state did not make that argument to the trial court, nor did it do so in its opening brief before us. We will not consider it for the first time on reconsideration.