Argued and submitted April 10, affirmed November 13, 1991, reconsideration denied January 8, petition for review denied February 25, 1992 (312 Or 677)

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH EDWARD MEYER,
*Appellant.*

(M350967, M512453, M853253, P098757, P141981;
CA A65371 (Control), A65372, A65373, A65374, A65375)
(Cases Consolidated)

820 P2d 861

Jack Polance, Portland, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., dissenting.

**RIGGS, J.**

Defendant appeals his convictions for three violations of ORS 813.010, driving under the influence of intoxicants, and two violations of ORS 811.175, driving while suspended. He contends that the trial court improperly joined the five violations for trial. We affirm.[1]

Defendant was cited in separate Uniform Traffic Complaints on May 4, 1984, September 19, 1989, and January 30, 1990, for driving under the influence of intoxicants and on May 31, 1985, and March 20, 1987, for driving while suspended. The cases were joined for trial, and defendant moved to sever. The trial court denied the motion, and defendant was convicted on each charge.

Defendant makes five assignments of error: The trial court erred by joining the traffic complaints for trial under ORS 132.560(1)(b), because they were not in the same accusatory instrument; the trial court erred by joining the traffic complaints for trial under ORS 132.560(2), because they were not separate indictments; the trial court erred by joining the traffic complaints for trial under ORS 132.560(2), because they were not of the same or similar character; the trial court abused its discretion under ORS 132.560(3) by denying defendant's motion for severance; and application of ORS 132.560 to these traffic complaints violated the constitutional prohibition against *ex post facto* laws.

ORS 132.560 provides, in part:

"(1)  The indictment must charge but one crime, and in one form only, except that:

"* * * * *

"(b)  Two or more offenses may be charged in the same accusatory instrument in a separate count for each offense if the offenses charged, whether felony or misdemeanor or both, are alleged to have been committed by the same person or persons and are:

"(A)  Of the same or similar character;

"(B)  Based on the same act or transaction; or

---

[1] We withdrew our *per curiam* opinion of June 12, 1991, in order to consider defendant's amended brief.

"(C)  Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(2)  If two or more indictments are found in circumstances described in paragraph (b) of subsection (1) of this section, the court may order them to be consolidated."

■     The state concedes that the traffic complaints could not be joined under ORS 132.560(1)(b), because they were not in the same accusatory instrument. It also concedes that, although ORS 132.560(2) authorizes joinder of separate *indictments*, it does not authorize joinder of separate *traffic complaints*. However, it argues that defendant not only failed to preserve the first two claims of error for appeal, but also affirmatively waived or invited the error by agreeing with the trial court's determination that ORS 132.560(2) permits joinder of separate traffic complaints. We have reviewed the record, including the audio tapes of defendant's colloquy with the court, and determine that the defendant did not object to the trial court's ruling that ORS 132.560(2) allows joinder of traffic complaints. Moreover, the tone and character of the colloquy show tacit, if not actual, agreement with the court.[2]

---

[2] The record contains this colloquy between the trial court and defendant:

"DEFENDANT:  Alright now, referring to [ORS] 132.560, if you'll notice, it goes, section (1)(b) 'Two or more offenses may be charged in the same accusatory instrument' and therefore, you know, 'in a separate count for each offense if the offenses charged whether felony or misdemeanor or both, are alleged to have been committed by the same person or persons and are: [A] Of the same or similar character.'

"Now, the words to watch there are 'same accusatory instrument.' If you will notice, I have several accusatory instruments. I don't believe it applies.

"THE COURT:  Well, [ORS] 132.560(2) specifies that: 'If two or more indictments are found in circumstances described in paragraph (b) of sub[section] (1), the court may order them to be consolidated.' Now, these are not indictments, per se.

"DEFENDANT:  No. [or Oh.]

"THE COURT:  But they are separate charges. The statute contemplates the joinder of separately initiated charges and I can't believe that there is a legislative intent to distinguish complaints from indictments for these purposes.

"DEFENDANT:  What I'm saying is the same accusatory instrument, you see, they are not the same accusatory instrument.

"THE COURT:  But my point is that subsection (2) of the same statute says — indictment is one form of accusatory instrument.

"DEFENDANT:  Alright, now I see. I didn't notice that. But he [the deputy district attorney] wasn't arguing that point earlier.

We conclude that defendant cannot complain of the error now.[3]

■ ■   We next consider defendant's claim of error that, even if ORS 132.560(2) allows joinder of separate traffic complaints, *these* offenses could not be joined, because they were not of the "same or similar character." No Oregon cases have interpreted that language, which was added to ORS 132.560 in 1989. Or Laws 1989, ch 842, § 1. The amendment was adapted from Fed R Crim P 8(a), and we find the federal cases interpreting the "same or similar character" language persuasive.

> "Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.' Webster's New International Dictionary (2d ed.). As one court has pointed out, requiring too precise an identity between the character of the offenses 'would fail to give effect to the word 'similar' succeeding the word 'same' and thus violate an elementary rule of statutory construction.' " *United States v. Werner,* 620 F2d 922, 926 (2d Cir 1980) (*quoting Edwards v. Squier,* 178 F2d 758, 759 (9th Cir 1949)).

In determining whether joinder is allowable, the court must keep in mind that "[t]he availability of [severance under] rule 14 [*i.e.,* ORS 132.560(3)] as a remedy for prejudice that may develop during the trial permits rule 8 [*i.e.,* ORS 132.560(2)] to be broadly construed in favor of initial joinder." *United States v. Rodgers,* 732 F2d 625, 629 (8th Cir 1984). Federal courts have found it appropriate under Fed R Crim P 8(a) to join similar crimes that occurred over a relatively short period of time and involved overlapping evidence, and they have found it appropriate to join unrelated and distinct crimes of

---

"[long pause]

"THE COURT: Alright, is there anything further for me to hear on this?"

Defendant then argued that *these* offenses could not be joined because they were not of the same or similar character.

[3] *State v. Hitz,* 307 Or 183, 766 P2d 373 (1988), does not require a different result. In *Hitz,* the court said that failure to press the argument was not waiver, once the issue had been raised. 307 Or at 187. Here, defendant did not merely fail to press the argument; he apparently agreed with the court's analysis.

similar character that occurred over significant time periods.[4] We think that the five offenses here, all major traffic crimes occurring in the same county and involving defendant's driving, are sufficiently "similar" to meet the requirement for joinder under ORS 132.560(2) and ORS 132.560(1)(b)(A).

Defendant contends that the trial court abused its discretion under ORS 132.560(3) by denying his motion to sever the joined complaints. The trial court said that it was denying the motion because the state's interest in economy outweighed defendant's interest in being free from prejudice, because any prejudice could be kept to a minimum.[5] ORS 132.560(3) provides:

> "If it appears, upon motion, that the state or defendant is prejudiced by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

■  Before 1989, Oregon cases held that the defendant's choice regarding joinder or severance should be accepted

---

[4] *See, e.g., United States v. Rabbitt,* 583 F2d 1014 (8th Cir 1978), *cert den* 439 US 1116 (1979), which holds that multiple counts of mail fraud and extortion arising from separate incidents during the period of 1965 to 1974, in which a state legislator accepted a payoff to assist automobile dealers, unsuccessfully demanded a payoff to assist truckers, and agreed to help an architectural firm get state contracts, were properly joined. *See also, e.g., United States v. Rodgers, supra,* and *United States v. Werner, supra.*

[5] The trial court explained its denial of the motion for severance:

"I'm prepared to rule on the motion. I will deny the motion for severance. I realize it is called motion for disjoinder.

"My sense of having handled quite a few juries on similar charges is that juries are remarkably conscientious and do a very good job of following instructions about what to ignore in this kind of case. The kinds of cases in which evidence is hard for juries to ignore are cases in which there are crimes of violence alleged. These are, although important, and some of them are safety related crimes to a very great degree, as far as I understand, none of them allege that there was any personal injury sustained and there were no victims per se and that's important to me in weighing the state's interest in economy against the defendant's interest in avoiding prejudice. My sense of juries that I've dealt with is that they are quite capable of performing the function of mental compartmentalization when there is no outrage; no seriously injured and no morally reprehensible misbehavior and what there is is [sic] questions of driving while suspended, reckless driving and driving under the influence, all of which are important, particularly reckless driving and driving under the influence, but for the reasons I've stated I believe that the defendant's right to a fair trial can be adequately protected by instructions and vigorous voir dire. So, I'll deny the motion for severance."

unless the defendant's election was clearly improper. *State v. Boyd*, 271 Or 558, 533 P2d 795 (1975); *State v. Williams*, 22 Or App 106, 538 P2d 89 (1975). ORS 132.560(3), adapted from Fed R Crim P 14, was added in 1989. Or Laws 1989, ch 842, § 1. Under Rule 14, a denial of severance is reviewed for abuse of discretion and, in order to prevail, a defendant must show *substantial* prejudice. *United States v. Werner, supra*, 620 F2d at 928. We believe that ORS 132.560(3) should be applied the same way, and we agree with this reasoning:

> "The reason why substantial prejudice from a denial of relief under Rule 14 must be shown is that to reverse on any lesser showing would undermine the policies behind Rule 8 and essentially read that rule from the books. Rule 8(a), with which we are here concerned, necessarily recognizes the adverse effect on the defendant by a joinder of counts, but considers this to be outweighed by gains in trial economy when one of the criteria of the rule are [sic] met. Granting separate trials under Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8(a), since this type of 'prejudice' will exist in any Rule 8(a) case." *United States v. Werner, supra*, 620 F2d at 928.

■    Under the federal cases, a trial court has discretion to deny severance if "the evidence is sufficiently 'simple and distinct' to mitigate the dangers otherwise created by such a joinder," as well as if "evidence of the joined offenses would be mutually admissible in separate trials." *United States v. Werner, supra*, 620 F2d at 927 (*quoting United States v. Halper*, 590 F2d 422 (2d Cir 1978)); *see also United States v. Reed*, 620 F2d 709, 712 (9th Cir), *cert den* 449 US 880 (1980); *Drew v. United States*, 331 F2d 85, 91-92 (DC Cir 1964). No abuse of discretion in denying severance was found in *United States v. Shue*, 776 F2d 1122 (7th Cir 1985), because the court gave adequate limiting instructions and the case was not so complex that the jury could not separate and evaluate the evidence on each count. In this case, evidence of each traffic offense was presented separately, and the jury was instructed to consider each offense separately. The case was not so complex that the jury could not separate and evaluate the evidence as to each offense. The trial court did not abuse its discretion by denying defendant's motion to sever.

■ Defendant last contends that application of ORS 132.560 to these traffic complaints violates the prohibition against *ex post facto* laws. He concedes that the error was not preserved at trial. Neither is it an error apparent on the face of the record. We will not consider it.

Affirmed.

**EDMONDS, J.,** dissenting.

The majority holds that defendant waived his right to object to the court's ruling authorizing the joinder of separate traffic complaints under ORS 132.560(2), because he said:

> "Alright, now I see. I didn't notice that. But [the deputy district attorney] wasn't arguing that point earlier."

The majority says:

> "*State v. Hitz,* 307 Or 183, 766 P2d 373 (1988), does not require a different result. In *Hitz,* the court said that failure to press the argument was not waiver, once the issue had been raised. 307 Or at 187. Here, defendant did not merely fail to press the argument; he *apparently* agreed with the court's analysis." 109 Or App at 602 n 3. (Emphasis supplied.)

In the colloquy with the trial court, defendant first pointed out that, because there were several accusatory instruments, ORS 132.560(1) was inapplicable. The court then referred to ORS 132.560(2), which permits a trial court to consolidate two or more indictments for trial, and ruled, "I can't believe that there is a legislative intent to distinguish complaints from indictments for these purposes." Defendant continued to assert his argument regarding subsection (1). The court reiterated its reference to subsection (2). Defendant's response, which the majority characterizes as a "tacit, if not actual, agreement" with the court's ruling, is an equivocal response to the court's reference to subsection (2) and nothing more.

In *State v. Hitz, supra,* the court said:

> "On defendant's appeal, the state contended that defendant had waived this argument by not pressing it in her oral argument to the trial court. *That is no waiver,* once an issue has been raised." 307 Or at 187. (Emphasis supplied.)

The majority's holding is wrong under *Hitz.* Defendant generally raised the issue of the inapplicability of ORS 132.560 as authority for the consolidation of the traffic complaints for trial. The court ruled *sua sponte* that the consolidation was authorized under ORS 132.560(2), thereby preempting any argument on that ground. The implication in *Hitz* is that something more affirmative than the failure to press an argument is required to constitute a waiver of an issue already raised. *See State ex rel State of Wash. v. Dilworth,* 89 Or App 158, 747 P2d 387 (1987), *rev den* 305 Or 433 (1988). Defendant acknowledged the existence of a statute that had not been previously argued and made a different argument. In the words of *Hitz,* "that is no waiver." In the light of the state's concession that ORS 132.560 does not authorize the joinder of separate traffic complaints, I would reverse.