Argued and submitted June 28, affirmed October 2, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## RODNEY CURTIS JONES,
*Appellant.*

9804957F and 99092215;
A110321 (Control) and A110322

55 P3d 495

Robin A. Jones, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Michael J. Slauson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong* and Kistler, Judges.

* Armstrong, J., *vice* Warren, S. J.

KISTLER, J.

## KISTLER, J.

Defendant was convicted of four counts of first-degree sexual abuse. On appeal, he argues that the trial court erred in consolidating two indictments. We affirm.

In 1998, the state charged defendant with one count of sexual abuse in the first degree based on conduct that occurred between January 1995 and December 1997 and that involved a girl under the age of 14. In 1999, the state charged defendant with three counts of sexual abuse in the first degree based on events that occurred between January and February 1997 with two girls who were 12 years old or younger.

The state filed a motion to consolidate the two cases under ORS 132.560(2) because, among other things, the charged offenses were "of the same or similar character." Defendant responded that the offenses were not of the same or similar character because they involved different victims and occurred at different times. Additionally, he argued that, if the cases were consolidated, he would be prejudiced because the jury would be likely to infer that he had a propensity to abuse young girls. He reasoned that consolidating the two cases would prejudice him because the evidence in one case would not be admissible in the other if the two cases were tried separately.

The trial court allowed the state's motion to consolidate. It found that the charged offenses were the same and that the children were all female and of similar ages. The court concluded that, because the two cases involved offenses that were "of the same or similar character," they should be consolidated under ORS 132.560(2). The trial court also determined that defendant would not be prejudiced by the consolidation because the jury could "sort through the testimony and determine what happened in each case. Moreover, the jury could be instructed to consider each count and case separately." After hearing the evidence, the jury convicted defendant of all four counts.

Defendant appeals, assigning error to the trial court's ruling consolidating the two cases. We begin by setting out the relevant statute and then turn to defendant's arguments. ORS 132.560 provides, in part:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character[.]

"* * * * *

"(2) If two or more charging instruments are found in circumstances described in subsection (1)(b) of this section, the court may order them to be consolidated.

"(3) If it appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

On appeal, defendant does not argue, as he did below, that the trial court should have ordered separate trials under ORS 132.560(3) because of prejudice resulting from consolidating the two indictments.[1] Rather, he argues that consolidation was not appropriate under ORS 132.560(2), but his argument on that point is narrow. He does not argue in his brief that the two indictments should not have been consolidated because the charged offenses were not "[o]f the same or similar character." *See* ORS 132.560(1)(b)(A).[2] Rather, as defendant's counsel explained

---

[1] Defendant specifically disavowed any reliance on ORS 132.560(3) at oral argument. Defendant may have abandoned any claim under subsection (3) because it would be difficult to show that consolidating the two indictments prejudiced him. *See State v. Miller*, 327 Or 622, 630-32, 969 P2d 1006 (1998) (holding that the admission of other crimes evidence as a result of consolidation was not prejudicial within the meaning of ORS 132.560(3)).

[2] At oral argument, defendant contended for the first time on appeal that the charged offenses were not of the same or similar character. Because defendant did not raise that issue in his opening brief, we decline to reach it here. *See Hayes*

at oral argument, even if the charged offenses are of the same or similar character, the indictments should not have been consolidated under ORS 132.560(2) because doing so prejudiced him.

Defendant acknowledges that ORS 132.560(2) says nothing about prejudice and that ORS 132.560(3) specifically addresses that issue. He asks us, however, to read a prejudice requirement (or a requirement of an absence of prejudice) into ORS 132.560(2). In sum, defendant asks us to interpret ORS 132.560(2) to say that a trial court may consolidate two indictments under that subsection only if the charged offenses are (1) of the same or similar character and (2) consolidation will not prejudice the defendant.

■■ We decline defendant's invitation to read a prejudice element into ORS 132.560(2). The legislature explicitly provided the trial courts with a mechanism to separate, upon motion by a party, two offenses if a defendant is substantially prejudiced by consolidation. As we noted in *State v. Meyer*, 109 Or App 598, 602, 820 P2d 861 (1991), *rev den*, 312 Or 677 (1992), ORS 132.560(2) is broadly construed in favor of consolidation because of the availability of severance under ORS 132.560(3). We have never indicated, however, nor does any part of the statute suggest, that a trial court should consider prejudice to a defendant in deciding whether to consolidate two indictments under ORS 132.560(2). Rather, the statute leaves the consideration of prejudice to subsection (3).

Were we to adopt defendant's proposed interpretation of ORS 132.560(2), we would be required to read into that subsection an element that the legislature omitted and we would render ORS 132.560(3) unnecessary. Defendant's proposed interpretation contravenes settled principles of statutory construction. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993); *International Brotherhood v. Oregon Steel Mills, Inc.*, 168 Or App 101, 106, 5 P3d 1122 (2000), *rev den*, 332 Or 137 (2001).

---

*Oyster Co. v. Dulcich*, 170 Or App 219, 237 n 20, 12 P3d 507 (2000) (issue not raised in opening brief may not be asserted for the first time on reply); *Kinross Copper Corp. v. State of Oregon*, 163 Or App 357, 360, 988 P2d 400 (1999), *rev den*, 330 Or 71 (2000) (issue not raised in the opening brief may not be raised on reconsideration).

Where, as here, the legislature has adopted a specific methodology for determining whether to consolidate multiple indictments, we are not free to adopt a different methodology and consider a factor at one step that the legislature has reserved for a later step. In this case, the question whether to consolidate two indictments under ORS 132.560(2) does not require consideration of potential prejudice to a defendant, and defendant has disavowed any claim of prejudice under ORS 132.560(3). Defendant has not identified any basis for reversing the trial court's ruling.

Affirmed.